DETROIT TRUST CO. *v.* ENGEL.

1. EVIDENCE—WRITTEN CONTRACT—PAROL PROOF—SALES.

Under a clause in a written contract for the sale of a number of automobiles providing that no oral agreement not included in the writing should be permitted to vary or modify its terms, which could be changed only by a writing indorsed on or attached to it, no evidence was admissible to explain or vary a clause in the instrument that the cars were models of 1912 and were to stand sold as they were of the date of sale in consideration of the special price.[1]

2. SAME—WARRANT—AMBIGUITY.

And a warranty of fitness could not be imported into the agreement in the face of the explicit declaration of the parties, nor was the language ambiguous so as to require extraneous testimony to explain it.[2]

Error to Kent; McDonald, J. Submitted April 11, 1916. (Docket No. 88.) Decided June 1, 1916.

Assumpsit by the Detroit Trust Company, trustee in bankruptcy of the Michigan Buggy Company, against George Engel for goods sold and delivered. Judgment for plaintiff on a verdict directed by the court. Defendant brings error. Affirmed.

*Holmes & Holmes* (*Frank J. Powers*, of counsel), for appellant.

*Kleinhans, Knappen & Uhl*, for appellee.

[1]Generally as to admissibility of parol evidence to vary terms of written contract, see note in 17 L. R. A. 273.

[2]For authorities passing on the question of implied warranty of fitness of property bought for special purpose, see notes on the different phases of the question in 22 L. R. A. 189; 15 L. R. A. (N. S.) 868; 31 L. R. A. (N. S.) 783; 34 L. R. A. (N. S.) 737.

KUHN, J. This action is brought on a contract for the sale of ten automobiles to the defendant in consideration of an undertaking to ship to the vendor a quantity of lumber. The defendant refused to complete performance of the contract on his part, because of an alleged breach of warranty by the vendor. The automobiles were sold on the defendant's order, which contained the following clauses:

"It is understood that no verbal or other agreement or promise not clearly specified in this order will be recognized.  *   *   *

"The cars are 1912 models, and are to stand sold as they are of this date in consideration of the special price.  *   *   *

"It is further understood and agreed that this paper, writing, and printing constitutes the entire agreement and understanding as between the parties hereto, and it is expressly understood and agreed that it may not be varied, changed or modified by any verbal understanding or agreement or in any way except in writing by the parties hereto attached or indorsed hereon, and no agent or salesman has any right or authority to alter this agreement in any particular except by written authority from some officer of the Michigan Motorcar Company."

The order was accepted by the Michigan Motorcar Company, designated in the contract as "owned by the owners of Michigan Buggy Company," of which company the plaintiff is the trustee in bankruptcy. Shortly after delivery the automobiles performed unsatisfactorily, and the defendant complained of defects. The first response to his complaints appearing of record is a letter by the vendor to him, which begins as follows:

"*Gentlemen:* We acknowledge receipt of your letter of the 18th, which is very carefully noted. As you no doubt are aware, the machines were purchased as they

stood, without any guaranty whatsoever. We are, however, disposed to do what is fair and right."

The vendor thereafter made efforts to render the automobiles satisfactory to the defendant, and wrote him frequently, assuring him of continued attention to the matter and eventual adjustment of the difficulty, and requesting him to continue performance on his part. But the defects were not corrected, and defendant finally refused any further shipments of lumber.

On the trial the defendant attempted to put in evidence so much of the conversation accompanying the placing and acceptance of the order as tended to show what was meant by the second clause quoted above from the order. He contended that the clause meant only that no accessories went with the cars; that it neither was intended to, nor did, negative an implied warranty that the cars were reasonably fit for the use intended. He also took the position that this clause was ambiguous, and that the situation called for parol evidence of its true meaning in the minds of the parties. All such evidence was rejected by the court. The court also ruled out evidence of the vendor's conduct and letters after the making of the contract, offered for the same purpose. He then directed a verdict for the plaintiff in the sum of $3,430.69, and entered judgment upon it. These rulings of the court are assigned as errors.

A discussion of the parol evidence rule and the doctrine of implied warranty, as applied to the facts in this case, is unnecessary. Strong and explicit language was used in the clauses above quoted to confine the agreement to the written words. A substantially similar provision in the contract involved in *Union Trust Co.* v. *Transit Co.*, 162 Mich. 670 (127 N. W. 780), was held to forbid the implication of a warranty, and the exclusion of testimony offered to explain the terms used was approved.

We are of the opinion that the situation here presented is clearly ruled by the case just referred to, and the judgment of the lower court must be, and therefore is, hereby affirmed.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.