Gray v. Middaugh.

---

J. W. Gray, appellant, v. Raymond J. Middaugh, appellee.

Filed April 17, 1920.    No. 20700.

Depositions: Suppression. "In the absence of a statute or standing court rule forbidding the taking of depositions during a term time of the court in which the cause is pending, the fact that they are so taken is not ground for suppressing them." *Donovan v. Hibbler*, 3 Neb. (Unof.) 652.

APPEAL from the district court for Dodge county: FREDERICK W. BUTTON, JUDGE. *Former judgment of affirmance by commission (no opinion) vacated, and judgment of district court reversed.*

*Joseph E. Daly* and *Frederick L. Spear*, for appellant.

*J. C. Cook*, contra.

DEAN, J.

Plaintiff sold a farm tractor to defendant for $1,350, for which he gave two promissory notes, one for $600 and one for $750. The $600 note was paid. On defendant's refusal to pay the $750 note, for alleged failure of consideration, and a repair and freight bill for $76.73, this action was begun and tried to a jury. Defendant recovered judgment for $400 on his answer and cross-petition. Plaintiff appealed, and the case being submitted to the supreme court commission the judgment was affirmed. On plaintiff's application we granted a rehearing and the case was reargued to the court.

For reversal plaintiff relies in part on the suppression of plaintiff Gray's deposition on the ground, as appears from the court's findings, that notice was served and the deposition taken while the term of court was in session, in which the case was pending and subsequently tried, and while defendant's attorney was engaged in trial work in the same court. Service of notice to take the deposition was accepted by defendant's counsel without objection.

It does not appear that there is a standing court rule forbidding the taking of depositions during term time of the court. The suppression of the deposition is not based on that ground, as it doubtless would have been had there been such a rule. Defendant does not controvert plaintiff's statement in his brief that there is no such rule in that court. In the motion to suppress it appears that defendant's counsel was county attorney and that the preparation for and the trial of a criminal

case then pending at that term engaged his official attention, and that his attendance at the taking of the deposition was thereby prevented.

A public prosecutor cannot, of course, neglect a public duty to attend to the case of a private litigant. No more should the right of a private litigant to have his deposition taken and submitted, in short his right to be heard in his own behalf, be denied merely because counsel for the opposite party is engaged in the prosecution of public business. It does not appear that defendant was unable to procure other competent counsel to attend at the taking of the deposition.

While we do not commend the practice of taking depositions in term time if it can reasonably be avoided, we cannot, in the absence of a statute or standing court rule forbidding the practice, deny the right of a party to do so. *Donovan v. Hibbler,* 3 Neb. (Unof.) 652. At times it might be that imperative necessity would so demand. We do not pass on any question in respect of the merits of the deposition other than to say that it seems to be material, and that, subject to the rules of practice for the submission of evidence, it should have been submitted to the jury.

Ordinarily when, under the rule announced in the *Donovan* case, a deposition is suppressed that contains material evidence, the case should be continued, and in some instances on such terms as to the court may seem just. We think the court erred in suppressing the deposition.

There is some controversy over an instruction on the question of warranty, which reads: "The jury is instructed that there is an implied warranty in the sale of any article of machinery that the same is reasonably fit for the purpose for which it is sold." Plaintiff argues that, an express warranty having been pleaded by defendant, the instruction is erroneous, and cites these authorities in support of his position. *Smith v. Evans,* 13 Neb. 314; *Detroit Trust Co. v. Engel,* 192 Mich. 62.

In re Estate of Wieland.

While error might be predicated on the instruction if given, the record does not indicate that it was given, and we do not therefore decide the question.

Our former decision is vacated. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.