This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jeffrey P. Borovitz, administrator of the estate of Richard Borovitz, appeals the decision of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellee, Bank One, N.A. ("Bank One"). This Court affirms.
 I.
{¶ 2} In December 1999, Richard Borovitz applied and was approved for a loan from Bank One for $53,800. To secure payment of the note to Bank One, Mr. Borovitz executed a mortgage on real estate located at 726 Orlando Avenue, Akron, Ohio. Mr. Borovitz used the money to pay debts totaling $40,892.68 and received $8,768.32 in cash. According to the terms of the note and the mortgage, Mr. Borovitz was required to make monthly payments of $432.49. The payments were to commence on January 8, 2000, and would be due on the eighth day of each month thereafter.
{¶ 3} Mr. Borovitz began making payments on the note in January 2000. In October 2000, Mr. Borovitz defaulted on the loan. Mr. Borovitz died January 24, 2001.
{¶ 4} On June 29, 2001, Bank One commenced this action by filing a complaint against the estate of Mr. Borovitz seeking foreclosure of the property located at 726 Orlando Avenue, Akron, Ohio. Appellant filed an answer to Bank One's complaint and a counterclaim alleging that Bank One violated the Truth in Lending Act. Both parties filed motions for summary judgment. The trial court granted Bank One's motion for summary judgment and denied appellant's motion for summary judgment. Appellant's counterclaim was dismissed with prejudice.
{¶ 5} Appellant timely appealed, setting forth two assignments of error.
 FIRST ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT APPLIED AN INAPPLICABLE RULE OF CASE LAW TO DETERMINE UNCONSCIONABILITY OF A CONTRACT, WHERE THE FACTS OF THIS CASE ARE NOT REASONABLY ANALOGOUS TO THE FACTS OF THE CASES CITED BY THE TRIAL COURT."
 SECOND ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT ERRONEOUSLY GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE OF DEFENDANT-APPELLANT DID NOT RESPOND WITH EVIDENCE IN OPPOSITION TO THE MOTION FOR APPELLEE, WHEN AT THE SAME TIME DEFENDANT-APPELLANT HAD FILED A MOTION FOR SUMMARY JUDGMENT ON HIS COUNTERCLAIM. IF THE COUNTERCLAIM PREVAILS, THE COMPLAINT FOR A RIGHT TO FORECLOSE WOULD NECESSARILY BE DISMISSED."
{¶ 8} Appellant's two assignments of error claim that the trial court erred in granting summary judgment in favor of appellee. They will be combined for ease of discussion.
{¶ 9} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 {¶ 10} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
{¶ 11} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
{¶ 12} In this case, the actual terms of the loan are not in dispute. The only issue is whether the loan was unconscionable. "Unconscionability is a question of law." Ins. Co. of North America v.Automatic Sprinkler Corp. (1981), 67 Ohio St.2d 91, 98.
{¶ 13} In Dorsey v. Contemporary Obstetrics Gynecology,Inc. (1996), 113 Ohio App.3d 75, 80, the Second District Court of Appeals set forth a two prong test for the doctrine of unconscionability:
 {¶ 14} "(1) substantive unconscionability unfair and unreasonable contract terms; and
 {¶ 15} "(2) procedural unconscionability individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible."
 {¶ 16} "Substantive unconscionability is the product of unfair terms that are commercially unreasonable[.]" Id. Substantive unconscionability is not at issue in this case.
 {¶ 17} "Procedural unconscionability involves factors that focus on the relative bargaining positions of the contracting parties." Id. at 81. In this case, appellant argues that Mr. Borovitz's income as compared to the mortgage payments made it impossible for him to perform under the agreement. Furthermore, appellant states that Mr. Borovitz's advanced age and poor health put him at a disadvantage in dealing with Bank One.
{¶ 18} In support of his motion for summary judgment, appellant submitted various documents showing Mr. Borovitz's income and expenses and the appraisals of the property in question from the county auditor, probate court, and the auditor used by Bank One. Appellant also filed an affidavit stating that his uncle was not in good physical or mental health.
{¶ 19} In support of its motion for summary judgment, Bank One submitted the affidavit of Rena P. O'Neal, a foreclosure specialist at Bank One. Ms. O'Neal's affidavit testimony averred that the required procedures under the Truth in Lending Act were followed in issuing Mr. Borovitz the loan in question. In addition, Bank One attached copies of the appraisal used in making the loan, an internal appraisal done by Bank One, the note, and the mortgage.
{¶ 20} Nothing in the record reveals that Mr. Borovitz was forced to enter into the agreement with Bank One. Either side could have chosen not to enter into the agreement. The record shows that Bank One followed the correct procedures in determining whether Mr. Borovitz qualified for the loan in question. Appellant offers no evidence other than his own testimony to show that Mr. Borovitz was not capable, either physically or mentally, of entering into such an agreement. Accordingly, this Court finds that the circumstances surrounding the execution of the note and mortgage were not procedurally unconscionable.
{¶ 21} After thoroughly reviewing the record, this Court finds no error in the trial court's determination that there are no genuine issues of material fact and Bank One is entitled to judgment as a matter of law. Bank One met its burden under Dresher by submitting evidence showing that Borovitz was in default thereby entitling Bank One to acceleration and foreclosure. Accordingly, it became incumbent upon appellant to present some evidence of the type described in Civ.R. 56(C) showing a genuine issue of material fact for trial. However, appellant failed to satisfy this reciprocal burden.
{¶ 22} Appellant's first and second assignments of error are overruled.
 III.
{¶ 23} Consequently, this Court concludes that the trial court did not err in entering summary judgment in favor of Bank One on its complaint for foreclosure. The judgment of the trial court is affirmed.
WHITMORE, J., BATCHELDER, J. CONCUR.