DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Small Claims Court at Milan, Ohio, in which the trial court found a manufacturer's warranty was unconscionable and ordered appellant, Clemons Boats, Inc. ("Clemons Boat"), to pay appellee, Anthony Muscioni, $803.44 in damages for missing and/or broken boat parts. Clemons Boat sets forth the following as sole assignment of error on appeal:
 {¶ 2} "The Trial Court erred in entering judgment for plaintiff-appellee where the uncontroverted evidence showed that defendant-appellant made no express warranties and properly disclaimed all implied warranties in connection with the sale of a new boat."
 {¶ 3} Clemons Boat is a seller of new and used boats in Sandusky, Ohio. On August 23, 2003, appellee purchased a new 2004 Seamaster boat from Clemons Boat at a cost of $37,707. After purchasing the boat, appellee noticed that a windshield wiper blade, wiper motor, and a cushion were missing. In addition, the tachometer, floor drains, motor box and rub rail all were either improperly installed or broken.
 {¶ 4} On March 19, 2004, appellee filed a complaint in small claims court against Clemons Boat and the boat's manufacturer, Seamaster United Marine ("Seamaster").[1] At the trial court's urging the parties attempted, but failed, to resolve their dispute. On May 17, 2004, a hearing was held, at which testimony was presented by appellee and John Clemons, owner of Clemons Boat.
 {¶ 5} Appellee testified his cost to repair the boat was as follows: $187.99 to repair the tachometer; $246.10 for the cushion; $250.35 to add check valves to the floor drains; and $119 to obtain a windshield wiper and motor, which appellee installed himself. Appellee further testified Clemons Boat repaired the motor box and the rub rail at no cost to appellee.
 {¶ 6} John Clemons testified that the purchase agreement for the boat contained warranty disclaimers on the front and back; yet Clemons Boat performed $1,300 worth of repairs in an attempt to satisfy appellee and "make it right." Clemons further testified his business was an authorized dealer for Seamaster; however, the factory shut down approximately one year after appellee purchased the boat, and the company no longer reimburses Clemons Boat for warranty work.
 {¶ 7} As to the cost of repairs, Clemons testified the tachometer and floor drains still "needed work"; however, the seat cushion was not included in the sale, and appellee agreed to accept a wiper blade and motor directly from Seamaster in exchange for a stove that should have been included with the boat. Clemons stated, although he does not dispute the validity of appellee's claims, Clemons Boat is not responsible for the cost of repairs since it cannot expect to be reimbursed by Seamaster.
 {¶ 8} On October 8, 2004, the trial court filed a judgment entry in which it found the manufacturer's warranty, which states all warranty repairs are to be made at the company's factory in Watskea, Illinois, and transportation charges to and from the factory "will be the responsibility of the owner * * *," is "not only unconscionable but ludicrous."[2] Ultimately, the trial court ordered Clemons Boat to pay appellee damages in the amount of $803.44. A timely notice of appeal was filed on November 10, 2004.
 {¶ 9} On appeal, Clemons Boat asserts it is not responsible to pay for repairs to appellee's boat because: 1) Seamaster agreed separately to give appellee a wiper, motor and cushion; 2) Seamaster's warranty does not cover appellee's claims, since it is limited to defects in the boat's hull; and 3) regardless of the extent of warranty coverage, Clemons Boat is not liable to appellee because it properly disclaimed all implied warranties in the purchase agreement.
 {¶ 10} As to the amount of appellee's damages, in reviewing the trial court's judgment, we are required to make every reasonable presumption in favor of the trial court's findings of fact. Shemo v. Mayfield Heights
(2000), 88 Ohio St.3d 7, 8, citing Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77. The trial court's judgment will not be overturned on appeal if it is supported by competent, credible evidence. Id., citingC.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 11} Our review of the record shows testimony given by appellee and John Clemons differed as to appellee's cost for the wiper, motor and cushion. However, the record contains no documentation to support Clemons' allegations of an agreement between appellee and Seamaster. As set forth above, appellee testified as to the cost of repairing the wiper, motor and check valves, and obtaining a cushion. Accordingly, after making all reasonable presumptions in favor of the trial court's findings of fact, we cannot say the trial court erred by finding appellee's damages totaled $803.44.
 {¶ 12} As to Clemons Boat's second argument, it is undisputed that an express limited warranty was given by Seamaster to appellee, the original purchaser of the boat. However, because the record does not contain a copy of the warranty, we cannot evaluate Clemons Boat's assertion that the express limited warranty was limited only to defects in the boat's hull.
 {¶ 13} As to the effect of the waiver provisions in the purchase agreement between appellee and Clemons Boat, above the signature line on the purchase agreement is a paragraph stating:
 {¶ 14} "Purchaser agrees that all terms and conditions, including those on the reverse side, are part of this Agreement, and that ALL EXPRESS WARRANTIES AND IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE ARE EXCLUDED FROM THIS TRANSACTION AND DO NOT APPLY TO THE GOODS SOLD."
 {¶ 15} Printed on the reverse side of the purchase agreement is the following paragraph:
 {¶ 16} "7. ANY WARRANTY ON ANY NEW UNIT IS MADE BY THE MANUFACTURER ONLY AND NOT BY THE SELLER, WHO DISCLAIMS ALL WARRANTIES, EITHER EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE." (Emphasis original.)
 {¶ 17} Clemons Boat argues the above waiver provisions are sufficient pursuant to R.C. 1302.29(B) which states, in relevant part:
 {¶ 18} "to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify an implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states for example, that `there are no warranties which extend beyond the description on the face hereof.'"
 {¶ 19} Clemons Boat's argument is misplaced. In this case, the issue is not whether the warranties were effectively waived. The issue is whether the trial court erred by finding it was "unconscionable" to require appellee to transport the boat to Seamaster's factory in Illinois for all warranty repairs.
 {¶ 20} Pursuant to R.C. 1302.15, a court may void or limit the application of any contract clause in order to avoid an "unconscionable result," provided the parties are given a reasonable opportunity at a hearing to aid the court in making such a determination. The unconscionability of a contract provision is a question of law. Hurst v.Enterprise Title Agency, Inc., 157 Ohio App.3d 133, at ¶ 20, citingIns. Co. of N. Am. v. Automatic Sprinkler Corp. of Am. (1981),67 Ohio St.2d 91, 98.
 {¶ 21} In Ohio, "`a contract clause is unconscionable where one party has been misled as to its meaning, where a severe imbalance of bargaining power exists, or where the specific contractual clause is outrageous * * *.'" Hurst, supra, quoting Cross v. Carnes (1998), 132 Ohio App.3d 157,170. On appeal, our review of questions of law is de novo. Saunders v.Mortenson, 101 Ohio St.3d 86, at ¶ 9.
 {¶ 22} A review of the record shows that, at the hearing, John Clemons testified Clemons Boat would have performed the required work on appellee's boat if it were able to receive reimbursement from Seamaster. Clemons also stated appellee's claims were valid and he would have "done more" to help appellee if appellee had been willing to release all claims against Clemons Boat without going to court. In addition, it is undisputed that Clemons Boat was an authorized dealer for Seamaster at the time it sold appellee the boat, and Seamaster's warranty required appellee to ship the boat, at his own expense, back to the factory in Illinois for covered repairs.
 {¶ 23} On consideration, we find the record contains sufficient evidence to support the trial court's finding that contract and/or warranty provisions purporting to relieve the boat's seller from all responsibility and requiring appellee to ship the boat, at his own expense, back to the manufacturer in Illinois to correct defects that were present at the time of sale are so outrageous (i.e., "ludicrous") as to be unconscionable. Clemons Boat's sole assignment of error is not well-taken.
 {¶ 24} The judgment of the Erie County Small Claims Court at Milan, Ohio, is hereby affirmed. Clemons Boat is ordered to pay the costs of this appeal, for which sum judgment is rendered against Clemons Boat on behalf of Erie County and for which execution is awarded. See App.R. 24.
Judgment Affirmed.
Pietrykowski, J., Singer, P.J., Parish, J., concur.
[1] Seamaster United Marine was a defendant in the trial court; however, it is not a party to this appeal.
[2] The record does not contain a copy of Seamaster's express limited warranty. However, it is undisputed that the warranty required appellee to transport the boat, at his own expense, to Illinois for all warranty repairs.