OPINION
{¶ 1} Plaintiff-appellant Mildred Justice appeals the decision of Mahoning County Court No. 2. The trial court granted judgment in favor of Justice in the amount of $1,068.20, $845 less than the amount requested. In resolving this appeal, we are faced with the following question: When a furniture store is unable to deliver half of a matching set of furniture, is the customer entitled to return the delivered furniture and receive a full refund of the purchase price? The trial court in essence answered that question in the negative. As we conclude otherwise for the reasons stated below, the judgment of the trial court is modified.
 STATEMENT OF THE FACTS {¶ 2} Justice purchased a matching sofa and loveseat from defendant-appellee Andrew Lerner, dba Furniture Wholesalers (Lerner). Shortly after the furniture was paid in full, the sofa was delivered. The loveseat had to be ordered, but Justice claims that Lerner assured her it could secure the loveseat with the matching fabric. Approximately four weeks after purchasing the furniture, Lerner informed Justice that the fabric was discontinued and while he would return the money for the loveseat, he would not take back the sofa. Justice denied that Lerner ever offered her a replacement sofa and matching loveseat.
 {¶ 3} Shortly after Lerner informed Justice she would not receive a full refund, Justice filed a pro se small claims complaint against Lerner. Justice sought the return of the total contract price of $1,913.30. The case proceeded to a trial before a magistrate who ruled in effect that Justice could not recover the price of the sofa in her possession, but was entitled to a refund for the loveseat she paid for but was never built. Accordingly, the magistrate's decision awarded Justice a judgment in the amount of $1,068.30 plus interest and costs (the purchase price of $1,913.30 for a matching sofa and loveseat minus the $845 cost of the loveseat). Justice timely filed an objection to the magistrate's finding. Despite the objection, the trial court adopted the magistrate's decision. Justice timely appeals raising one assignment of error.
 ASSIGNMENT OF ERROR {¶ 4} "The trial court erred and abused its discretion in failing to correct error of law and other defects which appeared on the face of the magistrate's decision."
 {¶ 5} Justice finds fault with the trial court's adoption of the magistrate's decision that awarded her $1,068.30 in damages instead of the requested $1,913.30. In support of her argument that the magistrate should have awarded her a full refund, Justice argues that is was an error of law for the court not to conclude that she was entitled to reject all of the furniture. Alternatively, she argues that even if she had accepted the sofa, that the court could have concluded that she revoked acceptance in a timely manner.
 STANDARD OF REVIEW {¶ 6} A trial court has great discretion in determining whether to overrule or sustain an objection to a magistrate's decision. Remner v.Peshek (Sept. 30, 1999), 7th Dist. No. 97CA98. The decision to adopt, reject, or modify a magistrate's decision will not be reversed on appeal unless the decision was an abuse of discretion. Wade v. Wade (1996),113 Ohio App.3d 414, 419. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 LAW AND ANALYSIS {¶ 7} A contract existed between the parties: Lerner offered to sell the furniture; Justice accepted the offer and paid for the furniture, and Lerner promised to deliver the purchased furniture within four to six weeks. The sofa was delivered less than a week of the furniture being paid in full. However, two days prior to the scheduled delivery of the sofa, Lerner was informed from the furniture distributor that the fabric requested for the loveseat was discontinued 10 months prior to the order. Justice was not informed that the fabric was discontinued until approximately four weeks after the sofa was delivered. Justice claims that the loveseat did not conform to the terms of the contract and, as such, she was entitled to reject both the sofa and the loveseat.
 {¶ 8} R.C. 1302.60 states that if the goods fail in any respect to conform to the contract, the buyer may "reject the whole or accept the whole or accept any commercial unit or units and reject the rest." A commercial unit is "a unit of goods that by commercial usage is a single whole for purposes of lease and whose division materially impairs its character or value on the market or in use." R.C. 1302.01(A)(10). "A commercial unit may be a single article (as a machine) or a set of articles (as a suite of furniture or an assortment of sizes) or a quantity (as a bale, gross, or carload) or any other unit treated in use or in the relevant market as a single whole." Id.
 {¶ 9} The loveseat and sofa is a set of articles, a suite of furniture. When a person buys a matching loveseat and sofa, they buy it for the set. The fact that the pieces match each other is a selling point and is of value to the customer. If the two do not match, the value to the customer is impaired. Thus, under the circumstances presented in this case, namely that the sofa and loveseat were to be made of matching fabric, it is a commercial unit as defined under R.C. 1302.01(A)(10).
 {¶ 10} Thus, since the sofa and loveseat are a commercial unit, Justice only had the option of accepting the whole unit or rejecting the whole unit. R.C. 1302.64(B). Acceptance of goods occurs when the buyer: (1) after a reasonable opportunity to inspect the goods, signifies to the seller that the goods are conforming or that she will take them in spite of the non-conformity; or (2) fails to make an effective rejection; or (3) does any act inconsistent with the seller's ownership. R.C. 1302.64(A). Rejection of goods must be within a reasonable time after their delivery or tender and the buyer must seasonably notify the seller. R.C. 1302.61(A).
 {¶ 11} Justice rejected the commercial unit as a whole when she was informed that the loveseat could not be made in the matching fabric and she refused to pick out another fabric for the loveseat and refused to accept chairs as an alternative. While it is true that the sofa was delivered four weeks prior to her rejection of the goods, this does not affect her ability to effectively reject the commercial unit; i.e. the loveseat and sofa. The commercial unit as a whole was not delivered to Justice; as such, she could not accept the unit at the time of the delivery of the sofa since she did not have an opportunity to inspect the goods to see that it conformed to the contract. Further in support of this holding is the fact that Lerner's own evidence shows that it knew it could not perform part of this contract prior to the delivery of the sofa. They found out that the fabric had been discontinued ten months earlier and thus the loveseat could not be made in the matching fabric. However, Lerner still delivered the sofa despite this knowledge. Therefore, Justice's use of the sofa for four weeks prior to being told by Lerner that the loveseat could not be made, should not be held against Justice. Therefore, we hold that Justice effectively rejected the commercial unit and, as such, she was entitled to receive reimbursement of the full contract price as was prayed for in her complaint. The trial court erred in adopting the magistrate's decision. This argument has merit.
 {¶ 12} Additionally, Justice argues that the magistrate and trial court failed to award treble damages under the Consumer Sales Practices Act. This argument fails. Justice did not request treble damages in her pleading. Under Civ.R. 8(A) the pleading must contain a "demand for judgment for the relief to which the party claims to be entitled." Civ.R. 1(C) renders Civ.R. 8(A) applicable to a small claims matter since R.C. 1925.04 is not inapposite to Civ.R. 8(A). (R.C. 1925.04 requires the party to request the damages it claims to be entitled to.) Therefore, since the issue was not raised to the trial court, it is waived for purposes of appeal.
 {¶ 13} For the foregoing reasons, the judgment of the trial court is hereby modified to award Justice $1,913.30, the full contract price and the amount prayed for in the complaint.
Waite, P.J., and DeGenaro, J., concur.