[Cite as *Gurry v. C.P.*, 2012-Ohio-2640.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97815**

## MARY J. GURRY, ET AL.

PLAINTIFFS-APPELLEES

vs.

## C.P., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Euclid Municipal Court
Case No. 10CVE02062

**BEFORE:** Rocco, J., Stewart, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** June 14, 2012

**ATTORNEYS FOR APPELLANTS**

Jeffrey J. Lauderdale
Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114

Kevin P. Shannon
222 Euclid Avenue
Suite 303
Cleveland, OH   44114

**ATTORNEYS FOR APPELLEES**

Steven J. Zeehandelar
Brittany Hensley
Zeehandelar, Sabatino & Assoc.
471 East Broad Street
Suite 1200
Columbus, OH 43215

KENNETH A. ROCCO, J.:

{¶1} Defendants-appellants C.P. and Tameeka Sheron ("Sheron") (collectively "appellants") appeal from the trial court's judgment in favor of plaintiff-appellee Mary Gurry ("Gurry") and State Farm Mutual Automobile Insurance Company ("State Farm") (collectively "appellees"). At the heart of this appeal is whether the trial court correctly assessed joint and several liability against appellants instead of assessing proportional liability. We hold that the trial court correctly applied joint and several liablity against the appellants, and we affirm the trial court's final judgment.

{¶2} On July 25, 2008, Gurry noticed that her 2002 Dodge Caravan was missing from her grandmother's driveway in Euclid, Ohio. The vehicle was reported stolen and a Cleveland Police officer later identified the vehicle while on patrol. As the police officer activated overhead lights to pull the vehicle over, a number of individuals exited the vehicle while it was still moving. The van struck another vehicle before coming to a stop. C.P. and T.E., both minors, were passengers in the vehicle.[1] They were both arrested and charged. The driver fled and was not apprehended.

{¶3} Gurry's vehicle was damaged and she had to use a rental car while her vehicle underwent repair. She filed a claim with State Farm, her insurance provider, who compensated her loss.

{¶4} State Farm exercised its subrogation rights by filing a two-count complaint against appellants. Count One alleged, inter alia, that C.P. and T.E. were part of a "joint

---

[1]T.E. is not a party to this appeal.

venture to commit a theft offense," and that they were "engaged in the unauthorized use of Gurry's vehicle." Count Two alleged that, under R.C. 3109.09, C.P.'s mother, Sheron, and T.E.'s mother, Latonya Edwards, were liable for the damage caused by their children's theft offense.[2]

{¶5} After a one-day trial to a magistrate in the Euclid Municipal Court, the magistrate issued a decision recommending judgment in favor of appellees and against appellants. Liability was joint and/or several in the amount of $3,909.89. The trial court adopted the magistrate's decision and judgment was entered against the appellants. Appellants filed their notice of appeal from the trial court's entry of final judgment and present two assignments of error for review.

"**I. The trial court erred by imposing joint and several liability upon Defendants-Appellants, C.P. and Tameeka Sheron, and failing to apportion damages under Ohio's Apportionment Statute, R.C. 2307.22, et. seq., among plaintiffs, all defendants, and all persons from whom plaintiffs did not seek recovery.**

"**II. If it is accepted that Plaintiffs-Appellees brought their claim against Defendant-Appellant, C.P., Under R.C. 2913.03, the trial court erred when it imposed civil liability against C.P., because there is no private right of action under R.C. 2913.03, a criminal statute.**"

---

[2]Latonya Edwards is not a party to this appeal.

{¶6} We overrule appellants' first assignment of error, though we affirm on different grounds from the trial court's decision. We also overrule appellants' second assignment of error.

{¶7} Because appellants' assignments of error involve only whether the trial court correctly applied the law, our review is de novo. *State v. Shoulders*, 196 Ohio App.3d 178, 2011-Ohio-2659, 962 N.E.2d 847, ¶12 (8th Dist.).

{¶8} In their first assignment of error, appellants argue that the trial court incorrectly determined that liability was joint and several. According to appellants, the trial court was required to apply Ohio's Apportionment Statute, R.C. 2307.22 to both C.P. and Sheron and should have apportioned liabilty according to relative fault. We disagree, as proportional liability does not apply.

*1. Ohio's Apportionment Statute*

{¶9} With the passage of R.C. 2307.22, the Ohio legislature established that in a tort action where more than one tortfeasor has proximately caused a person's property damage, any tortfeasor who has caused fifty percent or less of the tortious conduct is responsible for only his or her proportional share of the economic loss. R.C. 2307.22(A)(2). However, in a tort action where the tortfeasors have engaged in an intentional tort, joint and several liability applies regardless of the percentage of any tortfeasor's liability. R.C. 2307.22(A)(3).

*2. Ohio's Parental Liability Statute*

{¶10} Ohio's Parental Liability Statute states in pertinent part:

Any owner of property * * * may maintain a civil action to recover compensatory damages * * * from the parent of a minor if the minor willfully damages property belonging to the owner or commits acts cognizable as a "theft offense," as defined in section 2913.01 of the Revised Code, involving the property of the owner * * * . A finding of willful destruction of property or of committing acts cognizable as a theft offense is not dependent upon a prior finding that the child is a delinquent child or upon the child's conviction of any criminal offense.

R.C. 3109.09(B). Parents are liable under the statute for a child's willful damage or for a "theft offense." Under R.C. 2913.01(K), the "unauthorized use of a motor vehicle" is listed under the offenses considered "theft offenses." ("No person shall knowingly use or operate * * * [a] [ ] motor vehicle * * * without the consent of the owner or person authorized to give consent." R.C. 2913.03(A)).

{¶11} In Count One, appellee's complaint alleges that C.P. and T.E. "were on a joint venture to commit a theft offense," and that "these minor defendants engaged in the unauthorized use of [Gurry's] [v]ehicle." Count Two incorporates the allegations in Count One and further alleges that, under R.C. 3109.09, Sheron was responsible for damages caused by C.P. when he "engaged in the unauthorized use of [Gurry's] vehicle." In other words, the complaint alleges that C.P. engaged in and is liable for damages resulting from his "theft offense," and that Sheron, as C.P.'s parent, is also responsible for damages caused by C.P.'s "theft offense."

{¶12} The trial court adopted the Magistrate's Decision, which concluded that C.P. had entered a plea admitting that he engaged in the unauthorized use of a motor vehicle. Because C.P. had engaged in the unauthorized use of a motor vehicle, he engaged in a "theft offense," and, therefore, Sheron was liable for C.P.'s acts under R.C. 3109.09(B). The magistrate's reasoning here is sound.

{¶13} With respect to liability, the trial court concluded that the Apportionment Statute did not apply, because an action maintained under R.C. 3109.09 is statutory and does not sound in tort. But under R.C. 2307.011(J) a "tort action" is defined as "a civil action for damages for injury, death, or loss to person or property." This definition is broad and does not require that the cause of action be based in common law as opposed to statute. A "tort action" is present where one brings a private cause of action for property damage. Accordingly, we disagree with the trial court that R.C. 2307.22 does not apply to an action commenced under R.C. 3109.09.

{¶14} But to the extent that a "theft offense" under R.C. 2913.01 constitutes tortious conduct, it is akin to an intentional tort, such as conversion.[3] *See Estate of Barney v. Manning*, 8th Dist. No. 94947, 2011-Ohio-480. ("Conversion is an intentional tort."). Because intentional torts are subject to joint and several liablility under the Apportionment Statute, the trial court did not err in applying joint and several liability to the appellants.

---

[3]Under R.C. 2913.03(A)) "No person shall knowingly use or operate [a] [] motor vehicle * * * without the consent of the owner or person authorized to give consent." R.C. 2913.03(A)). The underlying conduct requires that the person act knowingly, and thus with a high degree of intention.

{¶15} Appellants attempt to circumvent joint and several liability by focusing on Count One of the complaint. Count One pertains to C.P.'s liability, and appellants find a number of ways to argue that C.P.'s conduct was not properly pled as an intentional tort, and so proportional liability must apply.[4] We are not persuaded.

{¶16} Appellees argue that Count One of their complaint states a cause of action for conversion, an intentional tort. According to appellees, because C.P.'s liability was based on the intentional tort of conversion, joint and several liability applies. We agree.

{¶17} Civ.R. 8(A) sets forth the requirements for pleading a claim for relief:

> A pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled.

The rule is designed to give the defendant fair notice of the claim and to give the defendant an opportunity to respond. *Allied Erecting & Dismantling Co., Inc. v. Youngstown*, 151 Ohio App.3d 16, 2002-Ohio-5179, 783 N.E.2d 523, ¶75 (7th Dist.). The rule does not require the plaintiff to plead the legal theory of recovery and the plaintiff is not "'bound by any particular theory of a claim but that the facts of the claim as developed by the proof establish the right to relief.'" *Id.* (quoting *Illinois Controls, Inc. v. Langham*, 70 Ohio St.3d 512, 526, 639 N.E.2d 771 (1994)).

---

[4]We note that even if Appellants' arguments here prevailed, this would not relieve Sheron's joint and several liability under R.C. 3109.09.

{¶18} Count One of appellants' complaint is easily understood as encompassing a conversion claim. "'Conversion is a wrongful exercise of dominion over property in exclusion of the right of the owner, or withholding it from his possession under a claim inconsistent with his rights.'" *Id.* at ¶76 (quoting *Zacchini v. Scripps-Howard Broadcasting Co.*, 47 Ohio St.2d 224, 226, 351 N.E.2d 454 (1976)). The elements for conversion are "'plaintiff's ownership or interest in the property; plaintiff's actual or constructive possession or immediate right to possession of the property; defendant's wrongful interference with plaintiff's property rights; and damages.'" *Id.* (quoting *Terrace Land Co., Inc. v. Kerrigan*, 7th Dist. No. 98 CA 217, 2000 WL 1114565 (July 28, 2000)).

{¶19} In Count One, the complaint alleges that C.P. and T.E. "were on a joint venture to commit a theft offense," and that "these minor defendants engaged in the unauthorized use of [Gurry's] [v]ehicle." The complaint further alleges damages resulting from the unauthorized use of the vehicle. The complaint set forth facts that state a cause of action for conversion, an intentional tort. C.P.'s liability was based on conversion. Because conversion is an intentional tort, C.P. was properly subject to joint and several liability under R.C. 2307.22(A)(3). Joint and several liability was appropriate as to both C.P. and Sheron, and so we overrule appellants' first assignment of error.

{¶20} We next turn to the second assignment of error: "If it is accepted that Plaintiffs-Appellees brought their claim against Defendant-Appellant, C.P., Under R.C.

2913.03, the trial court erred when it imposed civil liability against C.P. because there is no private right of action under R.C. 2913.03, a criminal statute." This argument is easily dismissed, because it is clear that Gurry's claims were not brought under a criminal statute. As discussed above, Count One of the complaint is a conversion claim. Count Two of the complaint is based on R.C. 3109.09(B), which expressly grants a private right of action where one is injured by a minor's "theft offense." Accordingly, appellants' second assignment of error is likewise, overruled.

{¶21} The trial court's orders are affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, P.J., and
MARY J. BOYLE, J., CONCUR