[Cite as *Crenshaw v. Michael J.'s Auto Sales*, 2021-Ohio-1468.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| LETICIA CRENSHAW, | : | APPEAL NO. C-200154<br>TRIAL NO. 19CV00688 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | : | *O P I N I O N.* |
| MICHAEL J.'S AUTO SALES, | : | |
| Defendant-Appellant. | : | |


Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  April 28, 2021


*Bradley R. Hoyt*, for Defendant-Appellant,

*Russell & Ireland Law Group, LLC,* and *Adam M. Russell*, for Plaintiff-Appellee.

**WINKLER, Judge.**

{¶1}   Defendant-appellant Michael J.'s Auto Sales ("Michael J.'s") appeals the judgment of the trial court entered in favor of plaintiff-appellee Leticia Crenshaw.  The trial court held that Michael J.'s breached its agreement to repair Crenshaw's vehicle, and that Michael J's violated the Ohio Consumer Sales Practices Act ("OCSPA").  For the reasons that follow, we affirm in part as to the trial court's judgment holding that Michael J.'s breached its agreement to repair, but we reverse as to the OCSPA violations.

## Background

{¶2}   Crenshaw purchased a used 2005 Nissan Murano from Michael J.'s in late July 2018.  The bill of sale contained an "as-is" clause, disclaiming any implied warranties.  Contemporaneously with Crenshaw's purchase, Michael J.'s and Crenshaw also entered into a separate agreement entitled the "we owe" agreement.  The "we owe" agreement is a preprinted form prepared by Michael J.'s for work to be completed by its service department.  In the "we owe" agreement, Michael J.'s agreed to perform repair work on the Nissan's exhaust, air conditioning, brake pads, hood latch release, and glove box.

{¶3}   Crenshaw left the Nissan with Michael J.'s for repair, and she picked up the car a few days later.  On her way home from Michael J.'s, however, Crenshaw's vehicle started making a terrible noise, and she had to pull over on the side of the highway.  Believing the vehicle had not been repaired as promised, Crenshaw had the vehicle towed back to Michael J.'s.  Crenshaw then returned a couple of days later to pick up the vehicle.  Crenshaw quickly determined that the repairs still had not been made because the vehicle still made a strange noise and

had squeaky brakes. Once again, Crenshaw had the vehicle towed back to Michael J.'s.

{¶4} According to Crenshaw, she tried to call Michael J.'s, and she eventually spoke with employee Farrah Bragg. Bragg allegedly cursed at Crenshaw, and stated that Michael J.'s would not make any repairs. Crenshaw picked up the Nissan from Michael J.'s with the assistance of law enforcement, and she took it to a different mechanic, who made the repairs.

{¶5} Crenshaw filed a complaint in the small-claims division of the Hamilton County Municipal Court. Crenshaw alleged that Michael J.'s had failed to make the required repairs, and that Michael J.'s had listed an incorrect purchase price on the title. Crenshaw requested $5,500 in damages.

{¶6} The matter proceeded to trial in front of a magistrate. Crenshaw testified, as well as an employee of the Ohio Better Business Bureau, Charles Beavers. Beavers testified that he had received a call from Crenshaw in September 2018, and that he investigated Crenshaw's complaint. Beavers visited Michael J.'s and found no indication that the work had been completed on Crenshaw's vehicle as promised in the "we owe" agreement.

{¶7} Bragg testified for Michael J.'s that Michael J.'s had completed the repair work in the "we owe" agreement. Bragg introduced a copy of the "we owe" paperwork, which purported to show the repairs had been done. Bragg admitted that her copy of the "we owe" agreement had been made in preparation for trial.

{¶8} The magistrate found that Michael J.'s had breached the "we owe" agreement, and recommended awarding damages to Crenshaw. Michael J.'s filed objections with the trial court.

{¶9} The trial court agreed with the magistrate's decision finding that Michael J.'s had failed to complete the repairs under the "we owe" agreement. The trial court further determined that Michael J.'s had violated the OCSPA, and therefore awarded treble damages.

{¶10} Michael J.'s appeals. In its sole assignment of error, Michael J.'s argues that the trial court erred in granting judgment in favor of Crenshaw.

### The "We Owe" Agreement

{¶11} In its appellate brief, Michael J.'s first takes issue with the trial court's finding and award for the failure to perform repairs to Crenshaw's vehicle.

{¶12} According to Michael J.'s, the trial court erred because Crenshaw agreed to accept the vehicle "as-is." As a general matter, a seller of goods impliedly warrants that a good is merchantable and fit for a particular use. R.C. 1302.29(B). However, a seller can expressly disclaim implied warranties in writing with the use of an "as is" clause. R.C. 1302.29(C)(1); *Ins. Co. of N. Am. v. Automatic Sprinkler Corp. of Am.*, 67 Ohio St.2d 91, 94, 423 N.E.2d 151 (1981).

{¶13} Despite the presence of an "as-is" clause, a seller can also create an express warranty, which is "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain * * *." R.C. 1302.26(A)(1). "Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other * * *." R.C. 1302.29(A).

{¶14} In a case similar to the one at bar, a buyer purchased a used car from a Land Rover dealership. The sales contract contained an "as is" clause, disclaiming all implied warranties. Nevertheless, as a condition of the sale, Land Rover expressly agreed to fix the air-conditioning unit. The buyer later experienced problems with

the vehicle and sued Land Rover. Land Rover argued that the buyer's claims were precluded by the "as is" clause. The court disagreed, and determined that Land Rover had expressly warranted to repair the air-conditioning unit, and thus "[a]ny damage to the vehicle resulting from a faulty repair would not be precluded by the 'as is' exclusion of warranties." *Perkins v. Land Rover of Akron*, 7th Dist. Mahoning No. 03 MA 33, 2003-Ohio-6722, ¶ 20.

{¶15} Here, just like in the *Land Rover* case, even though the bill of sale for the car contained an "as-is," no-warranty clause, the dealer expressly agreed to perform certain repair work to the vehicle. The bill of sale and the "we owe" agreement for repairs are not inconsistent. In other words, Michael J.'s as-is sale of the car to Crenshaw does not cancel or negate the "we owe" agreement in which Michael J.'s expressly promised to perform repairs.

{¶16} Michael J.'s also argues that the trial court erred in determining that it had not made the repairs to the vehicle, and also erred in allowing Crenshaw to recover for repairs that Michael J.'s had never agreed to perform. Michael J.'s argument is, in essence, a challenge to the weight of the evidence. Under a weight-of-the-evidence challenge, this court weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that its judgment must be reversed and a new trial ordered. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 20.

{¶17} The trial court did not clearly lose its way in determining that Michael J.'s breached the agreement to make the vehicle repairs. Crenshaw and Beavers both testified that the promised repairs were not made. Crenshaw testified that she had a

mechanic make the repairs, and she provided an estimate from the repair shop. Nor did the trial court clearly lose its way in determining that the repairs listed on the estimate, such as "catalytic converter" and "disc rotors," fell within those repairs listed in Michael J.'s "we owe" agreement.

{¶18} Michael J.'s argues that Crenshaw accepted the vehicle after having a reasonable opportunity to inspect the car. *See* R.C. 1302.64(A)(1) ("after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he will take or retain them in spite of their non-conformity[.]"). The evidence belies Michael J.'s' assertions. Crenshaw returned the vehicle to Michael J.'s two separate times and requested that it make the repairs. Eventually, Crenshaw took the car elsewhere for repair.

{¶19} Thus, we determine that the trial court did not err in holding that Michael J.'s breached the "we owe" agreement by failing to repair Crenshaw's vehicle.

## OCSPA Violations

{¶20} Michael J.'s next challenges the trial court's finding that it violated the OCSPA. Michael J.'s makes several arguments, one of which is that it did not have notice that Crenshaw claimed a violation under the OCSPA.

{¶21} Under R.C. 1925.04(A), a plaintiff commencing an action in small-claims court must state the amount and nature of the plaintiff's claim. Similarly, Civ.R. 8(A) provides that a claim "shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8 is "designed to give the defendant fair notice of the claim and to give the defendant an opportunity to respond." *Gurry v. C.P.*, 2012-Ohio-2640, 972 N.E.2d 154, ¶ 17 (8th Dist.), citing

*Allied Erecting & Dismantling Co., Inc. v. Youngstown*, 151 Ohio App.3d 16, 2002-Ohio-5179, 783 N.E.2d 523, ¶ 75 (7th Dist.).

**{¶22}** Even though Crenshaw filed this action in the small-claims division, Crenshaw must still set forth the nature of her claim and a request for damages in accordance with Civ.R. 8(A). *See Hudak v. Golubic*, 8th Dist. Cuyahoga No. 106819, 2018-Ohio-4874, ¶ 15, citing *Justice v. Lerner*, 7th Dist. Mahoning No. 03 MA 69, 2003-Ohio-7022, ¶ 12 (determining that Civ.R. 8(A) applies to small-claims matters, because Civ.R. 8(A) is not inapposite to R.C. 1925.04).

**{¶23}** Nothing in Crenshaw's pleading would have put Michael J.'s on notice that Crenshaw had claimed violations under the OCSPA. Not only was the OCSPA not mentioned, but the complaint was void of any language regarding unfair, deceptive, or unconscionable consumer-sales practices. Moreover, the complaint failed to request treble damages. *See* R.C. 1345.02 and 1305.43. Tellingly, neither the magistrate nor the parties mentioned OCSPA in any form at trial.

**{¶24}** Therefore, because Michael J.'s was never put on notice of any claimed OCSPA violations, the trial court erred in finding OCSPA violations as part of its independent review on objections from the magistrate's decision. It follows then that the trial court also erred in trebling Crenshaw's damages under the OCSPA.

### Conclusion

**{¶25}** In conclusion, we overrule Michael J.'s assignment of error in so far as it challenges the trial court's judgment with respect to Michael J.'s breach of the "we owe" agreement and resultant damages. We sustain Michael J.'s assignment of error in so far as it challenges the trial court's judgment with respect to OCSPA violations and award of treble damages. We remand the matter to the trial court to enter judgment in favor of Crenshaw in the amount of $2,937.71, plus interest and costs.

Judgment affirmed in part, reversed in part, and cause remanded.

**MYERS, P.J.,** and **BERGERON, J.,** concur.

Please note:
　　The court has recorded its own entry this date.

