[Cite as *Yeager v. U.S. Bank*, 2021-Ohio-1972.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JOHN YEAGER, | : | APPEAL NO. C-200262 |
| | | TRIAL NO. 2018003570 |
| STEVE YEAGER, | : | |
| and | : | *O P I N I O N.* |
| MIKE YEAGER, | : | |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| U.S. BANK, AS TRUSTEE OF THE | : | |
| SARA LEE YEAGER TRUST DATED | | |
| OCTOBER 23, 1990, | | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas, Probate Division

Judgment Appealed From Is:  Affirmed in Part as Modified and Reversed in Part and Cause Remanded

Date of Judgment Entry on Appeal:  June 11, 2021

*Cohen, Todd, Kite and Stanford, LLC, Nicolas A. Zuccarelli, Lyons and Lyons* and *Robert H. Lyons,* for Plaintiffs-Appellants,

*Taft Stettinius & Hollister LLP, Sanna-Rae Taylor*, *Andrew A. Spievack* and *Anna M. Greve,* for Defendant-Appellee.

**ZAYAS, Presiding Judge.**

**{¶1}** Plaintiffs-appellants John Yeager, Steve Yeager, and Mike Yeager ("the Yeagers") appeal from the judgment of the Hamilton County Court of Common Pleas, Probate Division, which dismissed their amended complaint against defendant-appellee U.S. Bank, as trustee of the Sara Lee Yeager Trust dated October 23, 1990 ("U.S. Bank"). For the following reasons, we affirm in part as modified and reverse in part the judgment of the trial court and remand the cause for further proceedings consistent with this opinion and the law.

### Facts in the Amended Complaint

**{¶2}** Sara Lee Yeager established a generation-skipping, irrevocable trust on October 23, 1990 ("the trust"). Upon Sara's death, Robert L. Yeager became the primary beneficiary of the trust. In February of 2017, upon the death of Robert, the Yeagers became the "beneficiaries" of the trust.[1]

**{¶3}** In 2011, U.S. Bank discovered that one or more of its trust officers embezzled funds from various trusts held and administered by U.S. Bank, including the trust at hand. On July 1, 2011, U.S. Bank made a cash deposit into the trust in the amount of $453,366. A trust statement for the period of July 1, 2011, to September 30, 2011, showed the deposit and listed a description with the deposit as "Cash Receipt Miscellaneous Receipt Reimb Cash Due to Loss."

**{¶4}** On January 5, 2018, the Yeagers sent a letter to U.S. Bank demanding an explanation for the cash receipt, including why it was made and why there was a loss that needed to be reimbursed. On May 1, 2018, the Yeagers sent a second request to U.S. Bank demanding a full accounting of the trust. U.S. Bank never

---

[1] A copy of the trust instrument was not in the record.

provided an accounting of the trust, any explanation of embezzlement, or any explanation of how the reimbursement figure was calculated.

## Procedural History

{¶5} The Yeagers filed a complaint for a trust accounting against U.S. Bank on September 4, 2018. A trust statement for the period of July 1, 2011, to September 30, 2011, was attached to the complaint. After several extensions of time to file a response, U.S. Bank filed a motion to dismiss the complaint. Subsequently, the Yeagers filed a motion for leave to amend the complaint.

{¶6} The trial court entered an agreed order granting the motion for leave to amend the complaint on November 22, 2019. The amended complaint was attached to the order. The complaint added four new claims seeking damages for (1) breach of statutory fiduciary duty, (2) breach of common law fiduciary duty, (3) conversion, and (4) civil theft. Thereafter, U.S. Bank filed a motion to dismiss the amended complaint.

{¶7} On March 3, 2020, the magistrate entered a decision denying the motion to dismiss, finding the facts in the amended complaint sufficient to proceed to trial. U.S. Bank filed objections to the magistrate's decision.

{¶8} The trial court granted the objections to the magistrate's decision and dismissed the case on June 30, 2020. The trial court's entry reasoned that:

> Defendant moved to dismiss the Complaint alleging, inter alia, that Plaintiffs lacked privity to sue. Defendants cited *Lewis v. Star Bank, N.A., Butler Cty*, 90 Ohio App.3d 709 (12th Dist.1993). The appellate court in *Lewis* held that "one not in privity cannot sue; vesting gives the necessary privity to sue" and "the status of those

3

seeking to sue must be examined at the time the claimed mistakes occurred." *Id.* at 711-712.

* * *

Based upon the allegations in the complaint, the Court agrees that Plaintiffs were not in privity in 2011 when the alleged wrongdoing occurred and therefore, under *Lewis*, Plaintiffs lacked standing to sue with respect to the underlying wrongdoing.

Furthermore, Plaintiffs have failed to alleged [sic] operative facts that, even if proven true, would support their claims of conversion and civil theft.

* * *

Having found that Plaintiffs do not have standing to sue for the alleged underlying wrongdoing, the Court likewise finds that based upon the allegations in the complaint, the accounting being sought is not reasonably necessary to enforce the Plaintiffs' rights.

{¶9} This appeal followed. The Yeagers now raise three assignments of error for our review, challenging each of the trial court's findings on their claims. In their first assignment of error, the Yeagers challenge the trial court's finding that they lacked privity to maintain an action for a trust accounting. In their second assignment of error, the Yeagers assert that the trial court erred in concluding that they lacked privity to maintain their causes of action for money damages. In their final assignment of error, the Yeagers claim that the trial court erred in finding that they failed to allege operative facts that, even if proven true, would support their claims for conversion and civil theft.

**Law and Analysis**

**{¶10}** We review dismissals for failure to state a claim de novo. (Citation omitted.) *Zalvin v. Alyers*, 2020-Ohio-4021, 157 N.E.3d 256, ¶ 13 (1st Dist.). A court may dismiss a complaint for failure to state a claim upon which relief may be granted only when it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 144, 573 N.E.2d 1063 (1991), quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975). When construing the complaint, " 'we must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party.' " *Id.*, quoting *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

> This standard for granting a motion to dismiss is in accord with the notice pleading regimen set up by the Federal Rules of Civil Procedure and incorporated into the Ohio Rules of Civil Procedure. Under these rules, a plaintiff is not required to prove his or her case at the pleading stage. Very often, the evidence necessary for a plaintiff to prevail is not obtained until the plaintiff is able to discover materials in the defendant's possession. If the plaintiff were required to prove his or her case in the complaint, many valid claims would be dismissed because of the plaintiff's lack of access to relevant evidence. Consequently, as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.

*Id.* at 144-145.

*Claim for Trust Accounting*

**{¶11}** The Yeagers alleged in their amended complaint that they made two requests to U.S. Bank for information regarding the trust. The first request was for an explanation regarding the $453,366 deposit made into the trust on July 1, 2011. The second request was for a full trust accounting. Both requests went unanswered. Thus, in their first claim, the Yeagers alleged that U.S. Bank, as trustee, has a duty to provide them with a full trust accounting under R.C. 5808.13.

**{¶12}** R.C. 5808.13(A) addresses the duty of a trustee to inform and report:

> A trustee shall keep the *current beneficiaries* of the trust reasonably informed about the administration of the trust and of the material facts necessary for them to protect their interests. Unless unreasonable under the circumstances, a trustee shall promptly respond to a *beneficiary's* request for information related to the administration of the trust.

(Emphasis added.)

**{¶13}** In relevant part, a beneficiary is defined as "a person that has a present or future beneficial interest in a trust, whether vested or contingent * * *," while a "current beneficiary" is defined as "a beneficiary that, on the date the beneficiary's qualification is determined, is a distributee or permissible distributee of the trust income or principal." R.C. 5801.01(C) and (F).

**{¶14}** "In construing a statute, it is the duty of the court to give effect to the words used and not to insert words not used." *Corban v. Chesapeake Exploration, L.L.C.*, 149 Ohio St.3d 512, 2016-Ohio-5796, 76 N.E.3d 1089, ¶ 111, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 220, 631 N.E.2d 150 (1994). Under the plain language of R.C. 5808.13(A), one of the duties of a

trustee is to "promptly respond to a beneficiary's request for information related to the administration of the trust," unless unreasonable under the circumstances. Thus, the only restriction placed on a request by a "beneficiary" for information concerning the administration of a trust is that the request must be reasonable under the circumstances. *See* R.C. 5808.13(A).

{¶15} In the case at bar, the Yeagers were beneficiaries at the time of their request for information. Under R.C. 5808.13(A), U.S. Bank, as trustee, had a duty to promptly respond to the Yeagers request for information related to the administration of the trust, unless the request was unreasonable under the circumstances. Based on the allegations in the complaint, it does not appear beyond doubt that the Yeagers' request for information was unreasonable. Accordingly, we cannot conclude that plaintiffs can prove no set of facts which would entitle them to relief on this claim.

### *Privity*

{¶16} Relying on *Lewis v. Star Bank, N.A., Butler Cty.,* 90 Ohio App.3d 709, 630 N.E.2d 418 (12th Dist.1993), U.S. Bank argues that a trust beneficiary does not have privity to sue based on events that occurred prior to the beneficiary becoming a "current beneficiary" because his or her rights were not yet vested. However, this reliance on *Lewis* is misguided. The court in *Lewis* held that a beneficiary has no standing to sue based on errors that occurred prior to the death of the settlor of a *revocable* trust. (Emphasis added.) *Lewis* at 712. The court did not hold, as U.S. Bank suggests, that a beneficiary has no standing to sue prior to becoming a "current beneficiary." In fact, the court expressly declined to analyze the status of the non-current beneficiaries after the death of the settlor. *Id.* at 713 ("We limit our analysis of the post-death interests in this case to that of Lewis, not the Lewis Children.").

**{¶17}** U.S. Bank also relies on *Thallman v. Thallman*, 3d Dist. Seneca No. 13-15-36, 2016-Ohio-992, for support. However, the court in *Thallman* also expressly declined to address the status of the remainder beneficiaries prior to the death of the life beneficiary. *Thallman* at ¶ 54 ("In analyzing the statutory definitions for 'beneficiary,' 'current beneficiary,' and 'qualified beneficiary' under R.C. 5801.01, there appears to be a legitimate question as to just what status the appellants had prior to Herval Thallman's death. However, we need not reach a decision on this matter as even if we assumed that appellants met the statutory definition of 'other beneficiaries' under R.C. 5808.13(C), the trial court's decision denying appellants' motion to compel was supported on other grounds as previously stated.").

**{¶18}** "Any rule other than that the interest of the beneficiary vests upon the creation of the trust would result in a confusion of the law of trusts * * *." *First Natl. Bank of Cincinnati v. Tenney*, 165 Ohio St. 513, 518-519, 138 N.E.2d 15 (1956). In the case at bar, the complaint alleges the trust at issue in this case is an irrevocable, generation-skipping trust. Thus, based on the allegations in the complaint, the Yeagers' interests became vested upon the creation of the trust and their interests were absolute. Therefore, the Yeagers were in privity to enforce their rights as beneficiaries in 2011 when the alleged embezzlement occurred, and in 2018 when the requests for information were made.

*Claims for Breach of Fiduciary Duty*

**{¶19}** In their claims for breach of fiduciary duty, the Yeagers alleged that U.S. Bank, through its agent, breached its fiduciary duties by converting and expending trust property from the trust, and that U.S. Bank failed to adequately compensate them for the financial injury occasioned by the misconduct of its officer.

8

**{¶20}** At this stage in the proceedings, the information about the alleged embezzlement is in the hands of U.S. Bank, and it would be premature on the state of this record to conclude beyond doubt that there is no set of facts which would entitle the Yeagers to relief on these claims. *See York*, 60 Ohio St.3d at 144-145, 573 N.E.2d 1063. After construing all the facts and reasonable inferences in the complaint in the Yeagers' favor, a set of facts could exist that would entitle them to relief for their alleged injuries. This conclusion is all that is required at this stage of the proceedings. We express no opinion on whether the Yeagers can ultimately prove their entitlement to relief as this remains to be seen through the discovery process. Our resolution is not to be construed to reflect upon the strength or weakness of these claims. We sustain the second assignment of error.

*Conversion and Civil-Theft Claims*

**{¶21}** The final two claims in the Yeagers complaint sought damages for conversion and civil theft. Conversion is an intentional tort. *Estate of Barney v. Manning*, 8th Dist. Cuyahoga No. 94947, 2011-Ohio-480, ¶ 12. For the purposes of civil theft, a "theft" is defined in R.C. 2913.01. R.C. 2307.61(A). "[T]o the extent that a 'theft offense' under R.C. 2913.01 constitutes tortious conduct, it is akin to an intentional tort, such as conversion." *Gurry v. C.P.*, 2012-Ohio-2640, 972 N.E.2d 154, ¶ 14 (8th Dist.). "Unsupported *conclusions* that [a defendant] committed an intentional tort are not taken as admitted by a motion to dismiss and are not sufficient to withstand such a motion." (Emphasis sic.) *Mitchell*, 40 Ohio St.3d at 193, 532 N.E.2d 753, citing *Schulman v. Cleveland*, 30 Ohio St.2d 196, 198, 283 N.E.2d 175 (1972).

**{¶22}** Here, the Yeagers alleged that (1) U.S. Bank wrongfully converted the trust assets, (2) that U.S Bank's actions were willful, wanton and malicious, and (3)

that the conversion also constituted a theft offense under R.C. 2307.60 and 2307.61. These conclusions are not supported by the facts as plead in the complaint. The complaint alleged that U.S. Bank "discovered" in 2011 that one or more of its trust officers was engaged in the embezzlement of funds from various trusts held and administered by U.S. Bank. However, a principal is not liable for the acts of an agent which in no way facilitate or promote his business unless the principal expressly authorized or otherwise ratified the tortious action. *See Estate of Manning* at ¶ 9-12. Even when making all reasonable inferences in favor of the Yeagers, the allegation that U.S. Bank "discovered" the embezzlement of trust funds by one or more of its agents is not sufficient to support the claims for conversion and civil theft. Therefore, we overrule the third assignment of error.

{¶23} However, notwithstanding the appropriateness of the dismissal, we find that, in light of our ruling on the accounting claim, the conversion and civil-theft claims could be pled in another way. Therefore, we find that dismissal of these claims should have been without prejudice. *See Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 17 ("[A] dismissal for failure to state a claim is without prejudice except in those cases where the claim cannot be pled another way.").

## Conclusion

{¶24} For the foregoing reasons, we sustain the first and second assignments of error, and overrule the third assignment of error. We reverse in part the trial court's judgment and remand this cause to the trial court for further proceedings consistent with this opinion and the law. The trial court's judgment is modified to reflect that the claims for conversion and civil theft are dismissed without prejudice, and we affirm in part the trial court's judgment as modified.

Judgment affirmed in part as modified and reversed in part and cause remanded.

**BERGERON** and **SUNDERMANN, JJ.,** concur.

J. HOWARD SUNDERMANN, retired, from the First Appellate District, sitting by assignment.


Please note:

The court has recorded its own entry this date.