**[Cite as *Eddy v. Big Show, Ltd.*, 2022-Ohio-34.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JANICE EDDY, et al.

    Appellees

    v.

THE BIG SHOW LTD.

    Appellant

C.A. No.     21CA011715

APPEAL FROM JUDGMENT
ENTERED IN THE
AVOK LAKE MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.    CVI 2000454

DECISION AND JOURNAL ENTRY

Dated: January 10, 2022

TEODOSIO, Judge.

{¶1} Defendant-Appellant, The Big Show Ltd. d/b/a The Fountain Bleau ("the Big Show"), appeals from the judgment of the Avon Lake Municipal Court, awarding damages to Plaintiff-Appellees, Janice Eddy ("Mother") and Samantha Bray ("Daughter"). This Court reverses.

I.

{¶2} The Big Show is a catering and event space service that specializes in wedding receptions. In April 2019, Mother paid the Big Show a deposit to reserve an April 2020 wedding reception date for Daughter. She and Daughter later signed a catering contract with the Big Show, and Mother made a series of additional deposit payments under the terms of the contract. It is undisputed that Mother ultimately paid the Big Show $5,365.26 for Daughter's reception.

{¶3} Daughter's reception never occurred due to the pandemic and executive orders limiting or prohibiting mass gatherings. In the weeks preceding the scheduled reception date,

Mother and representatives from the Big Show exchanged emails wherein they discussed cancelling or rescheduling the reception. The Big Show notified Mother that her deposits were non-refundable, she still owed the contracted fee if she wished to cancel, and she could reschedule the reception only if she paid an additional $600 rescheduling fee. Although Mother paid the contracted rate, she refused to pay the rescheduling fee. She demanded that the Big Show allow her and Daughter to reschedule the reception without charging her an additional fee. When the Big Show refused, Mother and Daughter filed suit.

{¶4} Mother and Daughter filed a small claims complaint against the Big Show for breach of contract.[1] The complaint requested a full refund of the money Mother had paid on the contract. A bench trial ensued at which the parties stipulated to the amount Mother had paid. Mother and Daughter argued that the Big Show had breached their contract by not holding their event and by refusing to reschedule the event unless Mother paid an additional fee. Meanwhile, the Big Show argued that its contract contained a force majeure clause, it was not in breach, rescheduling fees were an industry standard, and Mother had not paid the rescheduling fee so as to create a duty on the part of the Big Show to reschedule her event.

{¶5} At the conclusion of trial, the trial court took the matter under advisement and later issued a judgment entry. The trial court found that the Big Show had engaged in a deceptive practice under the Consumer Sales Practices Act ("CSPA") when it accepted Mother's money without providing her a written receipt that notified her that her deposits were non-refundable. The court determined that Mother and Daughter were entitled to a recission of their contract and a

---

[1] The complaint also named Mark Nelson and Melissa Nelson as defendants. Because the trial court dismissed the claims against those individuals, only the claim against the Big Show is relevant for purposes of this appeal.

return of the payments Mother had tendered. Accordingly, it entered judgment in favor of Mother and Daughter in the amount of $5,365.26 with interest of 5% per year from the date of judgment.

{¶6} The Big Show now appeals from the trial court's judgment in favor of Mother and Daughter and raises three assignments of error for our review. For ease of analysis, this Court consolidates several of the assignments of error.

## II.

### **ASSIGNMENT OF ERROR I**

THE TRIAL COURT'S HOLDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶7} In its first assignment of error, the Big Show argues that the trial court erred when it entered judgment in favor of Mother and Daughter and ordered the Big Show to refund Mother's deposits. The Big Show argues that Mother and Daughter never alleged a violation of the CSPA or set forth evidence in support of the specific violation the trial court found. For the following reasons, this Court sustains the Big Show's argument.

{¶8} While the Ohio Rules of Civil Procedure are "relaxed" in small claims cases, *Stull v. Budget Interior*, 7th Dist. Belmont No. 02 BA 17, 2002-Ohio-5230, ¶ 11, the requirements of notice pleading still apply. *Thomas v. Thomas*, 9th Dist. Summit No. 27153, 2014-Ohio-1714, ¶ 6. "[A] plaintiff commencing an action in small-claims court must state the amount and nature of the plaintiff's claim * * * [so as] 'to give the defendant fair notice of the claim and * * * an opportunity to respond.'" *Crenshaw v. Michael J.'s Auto Sales*, 1st Dist. Hamilton No. C-200154, 2021-Ohio-1468, ¶ 21, quoting *Gurry v. C.P.*, 8th Dist. Cuyahoga No. 97815, 2012-Ohio-2640, ¶ 16. A court may not award judgment on the basis of a CSPA violation when the defendant was never put on notice of any claimed CSPA violation. *Crenshaw* at ¶ 22-24.

{¶9} Upon review of the complaint, it is evident that Mother and Daughter only alleged a breach of contract action against the Big Show. Mother alleged that she had a contract with the Big Show, the Big Show had to cancel, and they refused to refund her money or reschedule for the contracted fee she had paid. The complaint requested "the full amount [Mother had paid] to be refunded due to breach of contract." There was no language in the complaint that would have put the Big Show on notice that Mother and Daughter were claiming any violation under the CSPA. The CSPA was not referenced, there was no language regarding any unfair, deceptive, or unconscionable consumer-sales practices, and there was no request for treble damages. *See Crenshaw* at ¶ 23. *Compare Bumpus v. Ward*, 5th Dist. Knox No. 2012-CA-5, 2012-Ohio-4674, ¶ 18; *Bierlein v. Alex's Continental Inn, Inc.*, 16 Ohio App.3d 294, 295 (2d Dist.1984). Moreover, the CSPA was never discussed at trial. *See Crenshaw* at ¶ 23. Mother and Daughter presented their case strictly as one alleging a breach of contract, and the Big Show responded in turn.

{¶10} Because Mother and Daughter never alleged a CSPA violation, the trial court erred in finding a CSPA violation and entering judgment in favor of Mother and Daughter on that basis. *See id.* Accordingly, the trial court's judgment must be reversed, and the matter must be remanded for the trial court to determine in the first instance whether Mother and Daughter set forth sufficient evidence in support of their claim for breach of contract. *See Rubber City Arches Graham, L.L.C. v. Joe Sharma Properties, L.L.C.*, 9th Dist. Summit No. 26557, 2013-Ohio-1773, ¶ 8 (appellate court will not consider issues in the first instance). The Big Show's first assignment of error is sustained on that basis.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING EQUITABLE RELEIF (sic) IN SMALL CLAIMS COURT IN VIOLATION OF RC 1925.02.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN SWITCHING THE BURDEN TO THE BIG
SHOW LTD. TO PROVE ITS CASE.

{¶11} In its second assignment of error, the Big Show argues that the trial court erred when it granted Mother and Daughter a recission of their contract, as recission is an equitable remedy that is not available in small claims court. In its third assignment of error, the Big Show argues that the trial court erroneously placed the burden of proof upon the Big Show rather than Mother and Daughter. Based on our resolution of the Big Show's first assignment of error, its remaining assignments of error are moot, and we decline to address them. *See* App.R. 12(A)(1)(c).

III.

{¶12} The Big Show's first assignment of error is sustained. Its remaining assignments of error are moot. The judgment of the Avon Lake Municipal Court is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Avon Lake Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

No costs are taxed.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

RICHARD R. MELLOTT, JR., Attorney at Law, for Appellees.